GREGORY M. FINCH (SBN 091237)
SIGNATURE LAW GROUP LLP
3400 Bradshaw Road, Suite A4-A
Sacramento, CA 95827
Telephone: (916) 856-5800
Fax: (916) 880-5255
gfinch@signaturelawgroup.com

Attorney for:
COLLETTE JORDAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE JORDAN<br><br>Plaintiff<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF JUSTICE, and DOES 1-10, inclusive,<br><br>Defendants | Case No.<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

COLLETTE JORDAN, plaintiff, files this original complaint, stating claims for relief as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the subject matter of this action is established in this court by the ADA, Title 42 United States Code Section 12117(a), which incorporates the jurisdiction provisions in Title VII of the Civil Rights Act of 1964, Title 42 United States Code Section 2000e-5(f)(3). This is the proper venue for this action under Title 42 United States Code Section 2000e-5(f)(3) and 12117(a), in that the discriminatory employment practices alleged herein were committed within this Court's judicial district.

2. This Court has jurisdiction pursuant to the following statues

Complaint of Collette Jordan v. Department of Justice, et al.

1

a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

b. 28 U.S.C. §1343 (3) and (4), which gives district courts original jurisdiction over actions to secure civil rights extended by the United Sates government;

c. 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

3. Venue is proper in the United States District Court Eastern District of California under 28 U.S.C. § 1391 and this court has personal jurisdiction over the defendants sued in their personal capacities in this matter because the events giving rise to this claim occurred in this district.

## PARTIES

4. Plaintiff Collette Jordan, hereinafter referred to as JORDAN, is an adult person and is a resident of the County of Sacramento, State of California.

5. Plaintiff is an employee of Defendant CALIFORNIA DEPARTMENT OF JUSTICE, hereinafter referred to as "DOJ", Sacramento, California, at all times mentioned herein.

6. At all times relevant herein, Defendant DEPARTMENT has been an employer as defined by the ADA, Title 42 United States Code Section 12111(5)(A), in that Defendant is a State agency and is subject to the ADA.

7. At all times herein mentioned, each of the defendants were and are the agents, servants and/or employee of each of the other defendants, and all things alleged to have been done by said defendants were done in the capacity of and as agents of the other defendants and was acting within the course and scope of his or her actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

Complaint of Collette Jordan v. Department of Justice, et al.

2

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff has been an employee of the State of California since April 7, 2007 and in 2010 while employed by the Department of Motor Vehicles (DMV) suffered a worked related injury (carpal tunnel, and cervical neck injury) resulting in a disability for which Plaintiff requested and received reasonable accommodations while working for the DMV prior to August 2013.

9. In August of 2013, Plaintiff was employed by DOJ. Plaintiff informed DOJ of her disability and DOJ agreed that her disability would be accommodated as DMV had done. From on or around August 2013 and every month since, Plaintiff provided DOJ verbal and written notice of specific needs for reasonable accommodations for her disability.

10. DOJ refused to provide the agreed upon accommodations despite Plaintiff's and Plaintiff's doctor's repeated requests and Plaintiff's Doctor's statement affirming the needed accommodations.

11. As a result of DOJ's failure to reasonably accommodate Plaintiff's disability, Plaintiff was re-injured and, as a result, Plaintiff's disability were exasperated resulting in her taking and leave from June 15, 2015 to February 1, 2016.

12. Of that period, during the months of July 2015 to November 2015, Plaintiff took leave under the California Family Rights Act (CFRA)

13. Conditioned upon DOJ to agree to provide enhanced reasonable accommodations, Plaintiff's Doctor released Plaintiff to return back to work. DOJ agreed to provide Plaintiff with an ergonomic keyboard, a specific chair, a monitor, a specific stapler, and a specific letter opener as reasonable accommodations for her disability.

Complaint of Collette Jordan v. Department of Justice, et al.

3

14. To date DOJ has not provided the agreed upon accommodations.

15. On or around July 5, 2016, Plaintiff provided DOJ with medical documentation verifying that Plaintiff needed an accommodation for her disability to take a break of 15 minutes out of each hour.

16. Plaintiff was told by her supervisor that she could not be accommodated for that restriction.

17. In response to Plaintiff's repeated requests for reasonable disability and in response to Plaintiff taking CFRA leave, DOJ harassed and retaliated against Plaintiff. The following acts are a partial list of acts of retaliation and harassment:

    a. An accommodation arrangement between Plaintiff's doctor and DOJ was made granting Plaintiff permission to email of her medical notes to DOJ instead of dropping them off. DOJ purposely ignored Plaintiff's doctor's accommodation request requiring Plaintiff to personally drop off her medial notes;

    b. Plaintiff has been subjected to baseless write-ups;

    c. Plaintiff has not been allowed representation or witnesses at disciplinary meetings;

    d. DOJ has orally, despite request for written, provided Plaintiff changing procedures to complete job duties, thereby, creating a moving target as to how Plaintiff is to perform her job, and, thereafter, disciplining Plaintiff for failing to follow the shifting procedures;

    e. DOJ has subjected Plaintiff to yelling, efforts to intimidate, embarrass and humiliate her

    f. DOJ has not allow Plaintiff medical attention or attend to personal

Complaint of Collette Jordan v. Department of Justice, et al.

4

needs.

      g.     DOJ has not allowed Plaintiff full protected leave benefits while on a protected leave.

      h.     In November 2014, June 2015, and February 2016 DOJ placed Plaintiff on a 90 day Retraining Period

18.    In addition, a similarly situated co-worker have been provided accommodations due to disability.

19.    On December 6, 2011 JORDAN filed a complaint with both the Equal Employment Opportunity Commission (EEOC) and the California Fair Employment and Housing Department (DFEH). The Complaint was amended on April 25, 2011 and is attached hereto as Exhibit 1.

20.    On October 5, 2016, Plaintiff was issued a Right to Sue letter from EEOC and DFEH and is attached hereto as Exhibit 2.

## FIRST CLAIM
## DISCRIMINATION BASED ON DISABILITY
### (Title II of ADA)

JORDAN as and for a First Claim Action against DOJ, alleges as follows:

21.    JORDAN repeats and realleges the allegations and averments of paragraphs 1-20 as if fully set forth herein.

22.    Plaintiff is "disabled" as defined by the ADA, Title 42 United States Code Section 12102(2), in that she has a physical impairment that substantially limits one or more of her major life activities.

Complaint of Collette Jordan v. Department of Justice, et al.

5

23. Plaintiff is a "qualified individual with a disability" within the meaning of Title 42 United States Code Section 12111(8) because she can, with reasonable accommodation, perform the essential functions of her job that she holds in the employ of the Defendant DOJ.

24. Defendants, and each of them, through their course of conduct denied Plaintiff a benefit of employment, in whole or in part, because she is an individual with known disabilities in violation of Americans With Disabilities Act of 1990 (ADA), Title 42 United States Code Section 12101 et seq.

25. In addition to the adverse actions alleged above, Defendants, and each of them, discriminated against Plaintiff, denied her reasonable accommodation, and refused to engage in good faith in an interactive process because of his known disabilities.

26. The discriminatory acts of Defendants as set forth above, has caused Plaintiff to suffer damages in an amount according to proof.

27. As a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of employment-related opportunities, such as experience, good reviews, and promotional opportunities. As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof.

28. As a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE Plaintiff prays for relief as stated in pertinent part hereinafter.

## SECOND CLAIM
## DISCRIMINATION BASED ON DISABILITY
## (GOVERNMENT CODE § 12940(A))

JORDAN as and for a Second Claim Action against DOJ, alleges as follows:

Complaint of Collette Jordan v. Department of Justice, et al.

6

29. JORDAN repeats and realleges the allegations and averments of paragraphs 1-28 as if fully set forth herein.

28. Plaintiff alleges this Second and separate claim for Disability Discrimination in violation of Government Code § 12940(a) against Defendants.

29. The Fair Employment and Housing Act (FEHA) prohibits discrimination on the basis of disability in employment.

30. Defendants, and each of them, through their course of conduct denied Plaintiff a benefit of employment, in whole or in part, because she is an individual with known disabilities in violation of Government Code 12940(a) and 2 C.C.R. §7293.7.

31. In addition to the adverse actions alleged above, Defendants, and each of them, discriminated against Plaintiff, denied her reasonable accommodation, and refused to engage in good faith in an interactive process because of his known disabilities.

32. The discriminatory acts of Defendants as set forth above, has caused Plaintiff to suffer damages in an amount according to proof.

33. As a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of employment-related opportunities, such as experience, good reviews, and promotional opportunities. As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof.

34. As a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof.

Complaint of Collette Jordan v. Department of Justice, et al.

7

WHEREFORE Plaintiff prays for relief as stated in pertinent part hereinafter. .

## THIRD CLAIM
## RETALIATION-CFRA
## GOVERNMENT CODE §§ 12945.1, *et seq.*

JORDAN as and for a Third Claim Action against DOJ, alleges as follows:

35.    JORDAN repeats and realleges the allegations and averments of paragraphs 1-34 as if fully set forth herein.

36. At all material times herein, Section 12945.2(a)(1) of the Government Code and 2 C.C.R. § 7297.7(a) prohibit any person from discriminating, discharging, or retaliating against employee for exercising his right to medical leave.

37.    Defendants, and each of them, retaliated against Plaintiff for exercising her right to medical leave.

38.    Plaintiff's exercise of her right to medical leave was a motivating reason for Defendants' adverse treatment Plaintiff as, herein, alleged.

39.    The acts of Defendants as set forth above, has caused Plaintiff to suffer damages in an amount according to proof.

40.    As a further proximate result of Defendant's unlawful and intentional actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of employment-related opportunities, such as experience, good reviews, and promotional opportunities.  As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof.

41.    As a further proximate result of Defendant's unlawful and intentional actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.  As a result of such

Complaint of Collette Jordan v. Department of Justice, et al.

8

discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE Plaintiff prays for relief as stated in pertinent part hereinafter.

PRAYER FOR ALL CAUSES OF ACTIONS

WHEREFORE, JORDAN prays for judgment against Defendant DOJ as follows:

1. For general damages;

2. For actual damages according to proof;

3. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

4. For preliminary and permanent injunctive and declaratory relief.

6. For special damages according to proof;

7. For reasonable attorney fees;

8. For costs of suit herein incurred; and

9. For other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:     October 13, 2016            RESPECTFULLY SUBMITTED,

SIGNATURE LAW GROUP, LLP


_/S/   Gregory M. Finch_
GREGORY M. FINCH
Attorney for
COLLETTE JORDAN

Complaint of Collette Jordan v. Department of Justice, et al.

9

# EXHIBIT 1

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

Complaint of
Colette Jordan, Complainant.
5312 Matina Dr
Elk Grove, California 95757

DFEH No. 678171-217748
EEOC No.
37A-2016-02815-C

vs.

Department Of Justice Respondent.
4949 Broadway
Sacramento, California 95757

Jennifer Garner, As an individual, Co-Respondent

---

THE PARTICULARS ARE:

1. I, Colette Jordan, allege that I was subjected to Discrimination, Harassment, Retaliation by respondent, Department Of Justice due to one or more Fair Employment and Housing Act protected bases: Disability [physical or mental], Family Care or Medical Leave, Race, Religion - Includes religious dress and grooming practices, Sex- Gender.

2. I was Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation, Other. The most recent harm occurred on or around March 22, 2016.

3. My belief is based on the following: I believe I was subjected to offensive harassing comments due to my religion (Christian) in that from in or around April 2016 until present, Jennifer Garner, Immediate Supervisor, made the following comment numerous times having prior knowledge of my religion: I hate God. For fear of losing my job I did not report Ms. Garner's comments. I believe I was denied the interactive process and denied reasonable accommodations due to my disability, sex (female), and race (African American) in that my employer could have accommodated me with an ergonomic keyboard, a specific chair, a monitor, a specific stapler, and a specific letter opener. From on or around August 2013 and every month since, I provided verbal and written notice to Jay Smaley, Immediate

Supervisor at the time, and other supervisors, with the above referenced need for accommodations, however, I have not received the accommodations to this date. In addition, I am aware of a similarly situated Caucasian co-worker who was provided accommodations due to his disability (Name on file with DFEH). On or around July 5, 2016, I provided my employer with medical documentation verifying that I needed to take a break of 15 minutes out of each hour. My supervisor, Ms. Garner, stated that she could not accommodate the restriction. On November 2014, June 2015, and February 2016 I was placed on a 90 day Re-training Period and in or around October 2015 and November 2015, I was subjected to two write-ups, while on a protected leave which is in essence denying me full protected leave benefits, for not personally dropping off medical notes to my employer and-in retaliation for requesting reasonable accommodations due to my disability and for taking a protected CFRA leave. From July 2015 to November 2015 I was on a protected CFRA leave due to my disability. I am aware of an accommodation arrangement between my doctor and my employer granting me permission to email my medical notes to my employer instead of dropping them off. I believe my employer purposely ignored my doctor's accommodation request, in essence denying me an additional reasonable accommodation, by requiring that I personally drop off my medial notes in an effort to continue retaliating against me for requesting reasonable accommodations and for taking protective CFRA leave.

VERIFICATION

I, Colette Jordan, am the in the above complaint. I have read the above complaint and know its contents. I declare under penalty of perjury under the laws of the State of California that the above is true and correct of my own knowledge, except as to those matters alleged on information and belief, which I also believe to be true.

Signature of Complainant or Complainant's Legal Representative:        Date:

*Colette Jordan (Aug 4, 2016)*                                         Aug 4, 2016

# EXHIBIT 2

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                              DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

October 05, 2016

Colette Jordan
5312 Matina Dr
Elk Grove, California 95757

RE: **Notice of Case Closure and Right to Sue**
DFEH Number: 678171-217748
EEOC Number: 37A-2016-02815-C
Jordan / Department Of Justice
Jennifer Garner, As an Individual

Dear Colette Jordan:

The Department of Fair Employment and Housing (DFEH) has closed your case for the following reason: Withdrawn – Intend to File a Lawsuit.

**This is your Right to Sue Notice.** According to Government Code section 12966, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of, Government Code section 12948, which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation.

Please note that if a settlement agreement has been signed resolving the complaint, you may have waived the right to file a private lawsuit. Should you decide to bring a civil action on your own behalf in court in the State of California under the provisions of the California Fair Employment and Housing Act (FEHA) against the person, employer, labor organization or employment agency named in your complaint, below are resources for this.

**Finding an Attorney**
To proceed in Superior Court, you should contact an attorney. If you do not already have an attorney, the organizations listed below may be able to assist you:

- The State Bar of California has a Lawyer Referral Services Program which can be accessed through its Web site at www.calbar.ca.gov or by calling (866) 442-2529 (within California) or (415) 538-2250 (outside California).

Notice of Case Closure and Right to Sue
October 05, 2016
Case 2:16-cv-02442-KJM-AC   Document 1   Filed 10/13/16   Page 16 of 16
Page 2 of 2

- Your county may have a lawyer referral service. Check the Yellow Pages of your telephone book under "Attorneys."

**Filing in Small Claims Court**
- The Department of Consumer Affairs (DCA) has a publication titled "The Small Claims Court: A Guide to Its Practical Use" online at of "The Small Claims Court: A Guide to Its Practical Use" online at http://www.dca.ca.gov/publications/small_claims/. You may also order a free copy of "The Small Claims Court: A Guide to Its Practical Use" online, by calling the DCA Publication Hotline at (866) 320-8652, or by writing to them at: DCA, Office of Publications, Design and Editing; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834.

- The State Bar of California has information on "Using the Small Claims Court" under the "Public Services" section of its Web site located at www.calbar.ca.gov.

Sincerely,

*[signature]*

Clara Hernandez
Consultant III-Spec.
661.395.2973
clara.hernandez@dfeh.ca.gov


cc: Judy Glanville
1300 I Street Suite 1330
Sacramento California 95814


Department of Justice
Jennifer Garner
4949 Broadway
Sacramento, California 95757